| Fill in this information to identify your case: |
| --- |

United States Bankruptcy Court for the:

DISTRICT OF CONNECTICUT

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7
■ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   **Bailey Hill Management, LLC**

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**

   06-1546428

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   | --- | --- |
   | **963 Bailey Hill Road** <br> **East Killingly, CT 06243** <br> Number, Street, City, State & ZIP Code | **P.O. Box 113** <br> **East Killingly, CT 06243** <br> P.O. Box, Number, Street, City, State & ZIP Code |
   | **Windham** <br> County | **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |

5. **Debtor's website (URL)** _____

6. **Type of debtor**

   ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

   ☐ Partnership

   ☐ Other. Specify: _____

| 7. | Describe debtor's business | A. *Check one:* |
|---|---|---|

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53AB))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80a-3)

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/.

——————

| 8. | Under which chapter of the Bankruptcy Code is the Debtor filing? | *Check one:* |
|---|---|---|

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every three years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operation, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| 9. | Were prior bankruptcy cases filed by or against the debtor within the last 8 years? | ■ No. |
|---|---|---|
| | | ☐ Yes. |
| | If more than 2 cases, attach a separate list. | |

District _____ When _____ Case number _____

District _____ When _____ Case number _____

| 10. | Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor? | ■ No |
|---|---|---|
| | | ☐ Yes. |
| | List all cases. If more than 1, attach a separate list | |

Debtor _____ Relationship to you _____

District _____ When _____ Case number, if known _____

| 11. | Why is the case filed in this district? | *Check all that apply:* |
|---|---|---|

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

| 12. | Does the debtor own or have possession of any real property or personal property that needs immediate attention? | ■ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed. |
|---|---|---|

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

                                                        Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

           Contact name _____

           Phone _____

---

### ▮ Statistical and administrative information

| 13. | Debtor's estimation of available funds | .  *Check one:* |
|---|---|---|

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

| 14. | Estimated number of creditors | ■ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|---|

---

| 15. | Estimated Assets | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ■ $1,000,001 - $10 million<br>☐ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |
|---|---|---|---|---|

---

| 16. | Estimated liabilities | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ■ $1,000,001 - $10 million<br>☐ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |
|---|---|---|---|---|

---

**Request for Relief, Declaration, and Signature**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **December 15, 2015**
MM / DD / YYYY



X **/s/ Edward R. Eramian**
Signature of authorized representative of debtor

**Edward R. Eramian**
Printed name

Title   **Managing Member**

---

**18. Signature of attorney**

X **/s/ Peter L. Ressler**
Signature of attorney for debtor

Date  **December 15, 2015**
MM / DD / YYYY

**Peter L. Ressler**
Printed name

**Groob, Ressler & Mulqueen, P.C.**
Firm name

**123 York Street**
**Suite 1B**
**New Haven, CT 06511**
Number, Street, City, State & ZIP Code

Contact phone   **2037775741**        Email address   **ressmul@yahoo.com**

**ct09324**
Bar number and State

Fill in this information to identify the case:

Debtor name **Bailey Hill Management, LLC**

United States Bankruptcy Court for the: DISTRICT OF CONNECTICUT

Case number (if known)

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __December 15, 2015__    X /s/ Edward R. Eramian
                                       Signature of individual signing on behalf of debtor

                                       **Edward R. Eramian**
                                       Printed name

                                       **Managing Member**
                                       Position or relationship to debtor

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Fill in this information to identify the case:

Debtor name | Bailey Hill Management, LLC

United States Bankruptcy Court for the: **DISTRICT OF CONNECTICUT**

Case number (if known): _____

☐ Check if this is an
amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Aron Austerlitz 40 Calvert Drive Monsey, NY 10952 | | Mortgage | | | | $400,000.00 |
| Bailey Hill Lending Trust,etal c/o Steve Ross, Trustee Law Office of Steve Ross 85 Speen Street Natick, MA 01760 | | Mortgage | Disputed | | | $5,309,000.00 |
| East Killingly Fire District P.O. Box 214 ATTN. Donna Ducat East Killingly, CT 06243 | | Fire District Tax | | | | $8,000.00 |
| Eversource POB 650032 Dallas, TX 75265 | | Utility Service | | | | $1,897.00 |
| Eversource POB 650032 Dallas, TX 75265 | | Utility Service | | | | $185.00 |
| NextGen Security Co., LLC PO Box 498 Putnam, CT 06260-0498 | | Alarm Service | | | | $280.00 |
| Pine Banks Lending Trust c/o Steve Ross, Trustee Law Offices of Steve Ross 85 Speen Street Natick, MA 01760 | | Mortgage | Disputed | | | $1.00 |

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com

Debtor   **Bailey Hill Management, LLC**                                          Case number *(if known)*
         Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Slater Hill Lending Trust c/o Steve Ross, Trustee Law Office of Steve Ross 85 Speen Street Natick, MA 01760 | | Mortgage | Disputed | | | $1.00 |
| Town of Killingly 172 Main Street Killingly, CT 06239 | | Taxes | | | | $15,407.00 |
| Town of Killingly 172 Main Street Killingly, CT 06239 | | Taxes | | | | $15,400.00 |
| Town of Killingly 172 Main Street Killingly, CT 06239 | | Taxes | | | | $7,042.00 |

## United States Bankruptcy Court
### District of Connecticut

In re    **Bailey Hill Management, LLC**                   Case No.

                                Debtor(s)             Chapter    **11**

# VERIFICATION OF CREDITOR MATRIX

I, the Managing Member of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:    **December 15, 2015**                              **/s/ Edward R. Eramian**

                                                **Edward R. Eramian/Managing Member**

                                                Signer/Title



Aron Austerlitz
40 Calvert Drive
Monsey, NY 10952

Bailey Hill Lending Trust,etal
c/o Steve Ross, Trustee
Law Office of Steve Ross
85 Speen Street
Natick, MA 01760

East Killingly Fire District
P.O. Box 214
ATTN. Donna Ducat
East Killingly, CT 06243

Eversource
POB 650032
Dallas, TX 75265

Eversource
POB 650032
Dallas, TX 75265

NextGen Security Co., LLC
PO Box 498
Putnam, CT 06260-0498

Pine Banks Lending Trust
c/o Steve Ross, Trustee
Law Offices of Steve Ross
85 Speen Street
Natick, MA 01760

Slater Hill Lending Trust
c/o Steve Ross, Trustee
Law Office of Steve Ross
85 Speen Street
Natick, MA 01760

Town of Killingly
172 Main Street
Killingly, CT 06239

Town of Killingly
172 Main Street
Killingly, CT 06239

Town of Killingly
172 Main Street
Killingly, CT 06239

# United States Bankruptcy Court
## District of Connecticut

In re    **Bailey Hill Management, LLC**                  Case No. _____

                                Debtor(s)        Chapter    11

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for  **Bailey Hill Management, LLC**  in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

| | |
|---|---|
| December 15, 2015 | /s/ Peter L. Ressler |
| Date | Peter L. Ressler ct09324 |
| | Signature of Attorney or Litigant |
| | Counsel for  **Bailey Hill Management, LLC** |
| | **Groob, Ressler & Mulqueen, P.C.** |
| | **123 York Street** |
| | **Suite 1B** |
| | **New Haven, CT 06511** |
| | **2037775741 Fax:2037774206** |
| | **ressmul@yahoo.com** |

## RESOLUTIONS ADOPTED BY
## BAILEY HILL MANAGEMENT, LLC

I HEREBY CERTIFY that (i) I am duly authorized to execute this certificate on behalf of Bailey Hill Management, LLC., a Connecticut limited liability company registered to do business in the State of Connecticut, (hereinafter referred to as the "Company"), (ii) the following is a true and correct copy of resolutions duly adopted (the "Resolutions"), and (iii) the Resolutions neither conflict with any order of any court or Bylaw or regulation of the Company nor have the Resolutions been in any way altered, amended or repealed and are in full force and effect, unrevoked and unrescinded as of this date;

RESOLVED, that the Company (i) file a voluntary petition for reorganization pursuant to Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"), (ii) if the circumstance arises prior to filing such a petition making necessary or convenient (a) consent to the entry of an order for relief in an involuntarily commenced Chapter 11 case, or (b) consent to the entry of an order for relief and convert an involuntarily commenced Chapter 7 case to a case under Chapter 11 and (iii) perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect any of the foregoing;

FURTHER RESOLVED, that, Edward R. Eramian, the managing member of the Company (the "Officer"), shall be, and hereby is, authorized and empowered to execute and deliver or cause to be filed, on behalf of the Company, (i) the voluntary petition of the Company pursuant to Chapter 11 of the Bankruptcy Code, (ii) the consent to the entry of an order for relief in an involuntarily commenced Chapter 11 case, or (iii) the consent to the entry of an order for relief and conversion of an involuntarily commenced Chapter 7 case to a case under Chapter 11, (iv) any and all other documents necessary or appropriate in connection therewith in such form or forms as the Officer so acting may approve;

FURTHER RESOLVED, that the Officer shall be, and hereby is, authorized and empowered to execute and deliver for and on behalf of the Company, as Debtor and Debtor in possession, such agreements, instruments and any and all other documents necessary or appropriate to facilitate the use of cash collateral under 11 U.S.C. § 363 or debtor-in-possession financing under 11 U.S.C. § 364 (the "Financing Documents") and that Financing Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or appropriate by the Officer so acting hereby are approved.

FURTHER RESOLVED, that Peter L. Ressler, Esq. shall be, and it hereby is, authorized and empowered to represent the Company, as Debtor and Debtor in possession, in connection with any case commenced by or against it under the Bankruptcy Code;

FURTHER RESOLVED, that the Officer shall be, and hereby is, authorized and empowered to retain, on behalf of the Company, attorneys, financial advisors and accountants as the Officer so acting shall deem appropriate in his or their judgment;

1

FURTHER RESOLVED, that the Officer shall be, and hereby is, authorized and empowered to take or cause to be taken any and all such further action, to execute and deliver any and all such further instruments and documents and to pay all such fees and expenses, as the Officer so acting shall deem appropriate in his judgment to fully carry out the intent and accomplish the purposes of the Resolutions; and

FURTHER RESOLVED, that all of the acts and transactions of any one or more of the Members of the Board of Managers of the Company, which have been taken, caused to have been taken or made prior to the effective date of the Resolutions in connection with the matters set forth in the Resolutions, are hereby ratified, confirmed and approved.

Attest:                                   BAILEY HILL MANAGEMENT, LLC


_____          _____

                                          Managing Member
                                          Duly Authorized

Dated: December     , 2015

2

December 15, 2015

Via Email

Bailey Hill Management, LLC
ATTN: Ed Eramian, Managing Member

> Re:    Representation Agreement
>          Chapter 11 Bankruptcy Case

Dear Sir:

We are pleased you have requested that Peter L. Ressler, Esq. 123 York Street, Suite 1B, New Haven, CT 06511, provide Bailey Hill Management, LLC (hereinafter referred to as "You" and "Your") with representation. We would appreciate receiving written acknowledgement of this agreement for our files. The Bar requires that there be a written fee agreement between attorneys and their clients. Additionally, we feel that it is in the best interest of our clients that they be fully informed of our billing practices. The purpose of this letter, therefore, is to set forth the scope of our engagement as legal counsel to You, to set forth the financial arrangements regarding our engagement and to verify our agreement of the foregoing.

1. Scope of Engagement.

Peter L. Ressler, Esq. ("we" "our" or the "Firm") will perform those legal services which You requested that it perform. Specifically, we have been engaged to represent you in a Chapter 11 bankruptcy case upon the terms and conditions set forth herein. We are not representing any of your officers, directors or shareholders individually.

2. Hourly Rates

Our billing practice is to charge for our services based on the hourly rate of the attorney involved. Our billing rate is presently $385.00 per hour. Hourly rates are reviewed from time to time and may be adjusted and/or increased without notice. It is likely that this hourly rate will be increased annually usually commencing at the beginning of each calendar year and you hereby consent to such increase. Our bills are reviewed carefully before they are finalized and appropriate adjustments made when necessary.

December 15, 2015
Page 2

3.    Disbursements.

The performance of legal services involves costs and expenses, some of which must be paid to third parties. These expenses include, but are not limited to, filing fees, court reporters, deposition fees, travel costs, telecopier costs, messenger services, long distance telephone charges, computerized research expenses and expenses of experts whom we deem appropriate to assist in our representation of your. The long distance charges reflect our actual costs, the copying charges represent our estimated actual costs of 20 cents per page, the telecopying charges $1.00 per page local and $2.00 per page long distance for outgoing telecopies, $1.00 per page for incoming telecopies, and postage is charged at actual cost. We expect that you will either pay directly or reimburse us for such costs. If such costs may be calculated beforehand and appear to be substantial, we may ask you to advance us those sums before we expend them or to reimburse the vendor directly.

4.    Monthly Statements and Payment Terms.

Our practice is to generally send a monthly statement for services rendered and disbursements incurred on our client's behalf during the previous month. There may be instances where monthly statements are not sent. This does not necessarily mean that no services were rendered or disbursements made on your behalf, but you eventually will receive a statement for all services rendered and expenses incurred. The detail and the monthly statement will inform you not only of the fees and disbursements incurred but also of the nature and progress of the work performed. These statements are due and payable within thirty (30) days or, in the event of a bankruptcy filing, upon Bankruptcy Court approval.

We do our best to see that our clients are satisfied not only with our services but also with the reasonableness of the fees and disbursements charged for these services. Therefore, if you have any questions about or objection to a statement or the basis for our fees to you, you should raise it promptly for discussion. If you object only to a portion of the statement, we ask you pay the remainder, which will not constitute a waiver of your objections.

This firm participates in a program mandated by the judges of the Superior Court which provides for the use of interest earned on client's trust accounts to provide for the funding of legal services to the poor and law scholarships based upon need by placing client's funds in an interest bearing account. The interest is paid at least quarterly to an organization designated by the judges of the Superior court. If you have an objection to my participation in this program, please advise me in writing and I will be happy to discuss with you another arrangement.

December 15, 2015
Page 3

5. Retainer.

Under certain circumstances, such as those which present themselves in this case, we require that a retainer be paid <u>before</u> the filing of the bankruptcy petition. In the present case, we have asked that your outstanding fees and expenses are brought current before the Petition is filed with the Court and forward a retainer of $16,717.00 to be applied against outstanding and future fees and disbursements to be paid which includes the $1,717 filing fee. The Chapter 11 bankruptcy petition will not be filed until after your account is current and I have received the retainer from you by bank or certified funds or similar form. Our monthly statements therefore will not constitute bills as such (to the extent these bills do not exceed the retainer), but rather statements of your account. This will not constitute a waiver of your right to contest the reasonableness or appropriateness of any fees charged to your account. In addition, we require that there be no recent accrued but unpaid fees as of the date we file your petition. The retainer is <u>not</u> an estimate of the fees and expenses to be incurred. The actual amount will likely be significantly higher. Subject to the terms of this letter, the Bankruptcy Code, and the Connecticut Rules of Professional Conduct, this retainer will be "earned upon receipt and may be deposited in the firm's account(s)." Any additional retainer amounts received will be subject to the terms of this letter. Please wire the retainer to: Citizens Bank. 1 Citizens Drive, Riverside, RI 02915 AB 011500120, For Further Credit to the Client's Fund Account of Groob, Ressler & Mulqueen, P.C. Account Number: 222001-2097.

6. Bankruptcy Issues.

With respect to the bankruptcy, there are several critical issues. Your list of creditors <u>must</u> be complete. Each and every creditor must have a proper name and address. It is less important to have exact amounts. You are responsible for all names and addresses. If you do not list a creditor or misidentify his or her name and/or address, that creditor's claim may not be discharged. If, within the 90 days before the commencement of a bankruptcy case, a creditor supplies you in at least two communications with an address at which such creditor requests to receive correspondence, then you should use that address for proper notice. Every asset which you own or have an interest in <u>must</u> be disclosed on the Schedules. This includes all possible claims, property that has recently been transferred, or property which you are using or benefits you. It is most important that these assets be described in as great detail as possible. Assets of negligible or no value must also be listed. Assets are defined to include assets that you own or have an interest in <u>any</u> country, town, city or province, regardless of someone's knowledge of those assets. It also includes interests and trusts and other assets, regardless of whether or not they have value.

Please carefully review your schedules and statement of financial affairs as well as any other information you submit in connection with your bankruptcy case. For example, your schedules and statements of financial affairs are signed under oath and false or misleading information can result

December 15, 2015
Page 4

in your not obtaining a discharge, criminal conviction and/or the assessment of fines against you. Federal criminal law provides severe criminal penalties including fines and/or imprisonment for bankruptcy crimes including bribery, concealment of assets, false statements, false claims, filing under a fictitious name and/or perjury. We will rely on you to ensure that the information you have provided to us is accurate and urge you to review carefully any papers prepared on your behalf prior to their submission. Similarly, it is important that you carefully ensure that any testimony you give or oral or written statements that you make in connection with your case, including at any meetings of creditors, is accurate. Again, false or misleading information can result in serious penalties including without limitation the failure to obtain a discharge, criminal conviction and/or the assessment of fines against you. In addition, as a general rule, any creditor not scheduled or with an incorrect or incomplete address will not have his, her or its debt discharged.

7. Withdrawal from Representation.

The attorney client relationship is one of mutual trust and confidence. If you, for whatever reason, wish us to cease representing you, you may request that we do so. If we feel we no longer wish to represent you, we will request that the court (if an appearance has been filed) to permit us to terminate our representation of you. We will only do so in the following circumstances:

a.      A lack of cooperation by you in promptly submitting necessary requested information;

b.      Your knowingly providing us, your adversaries or the court with false information;

c.      Your disregard of advice about matters of critical importance to your case;

d.      Your failure to promptly pay legal fees; or

e.      For any other reason provided advance notice is provided.


Upon such termination, however, you would remain liable for any unpaid fees and costs. We also shall be authorized to reveal this agreement and any other necessary documents to any court or agency if the same should prove necessary to effect withdrawal or collection of our fees. You will also be responsible for any and all costs of collection incurred to recover any unpaid fees and expenses, including reasonable attorneys fees and expenses.

It is our policy to make every effort to have our clients feel that they are treated on a fair basis. We welcome an honest discussion of our fees and our services and encourage our clients to inquire about any matter relating to our fee arrangement or monthly statements that are in anyway unclear or appear unsatisfactory. If you have any questions, please do not hesitate to call us.

December 15, 2015
Page 5

It is understood that in cases of joint representation of spouses, communication with one spouse will be deemed communication with both spouses. It is further understood that Attorney may disclose to both spouses any facts disclosed by either spouse.

This agreement is also subject to termination by either party upon reasonable notice for any reason and with court approval, if necessary. Upon such termination, however, you would remain liable for any unpaid fees and costs and any other related charges of fees.

8. Future Services.

This agreement will also apply to services rendered for such future matters that we agree will be handled by the Firm. If, however, such services, are substantially different from those to which this agreement applies, either party may request that a new agreement be executed, or that this agreement be reacknowledged.

9. Guaranty

Edward Eramian managing member of Bailey Hill Management,LLC has agreed to individually guaranty payment to our firm of the legal fees and expenses of Bailey Hill Managment, LLC. We will not represent him personally with respect to this case during the course of this Chapter 11 bankruptcy case.

10. Conclusion

If this letter correctly sets forth your understanding of the scope of the services to be rendered to you by the Firm, and if the terms of the engagement are satisfactory, please execute the enclosed copy of this letter and return it to me. If the scope of the services described is incorrect or if the terms of the engagement set forth in this letter are not satisfactory to you, please let us know in writing so that we can discuss either aspect.

We do not provide advice regarding tax issues or tax consequences regarding any matter involving our representation of you. It is important and you agree to review any transactions or matters related to our representation of you with your tax advisor and to advise us if you would like to proceed in a different manner.

December 15, 2015
Page 6

By executing this agreement, you acknowledge that there is uncertainty concerning the outcome of this matter and that the Firm and the undersigned attorneys have made no guarantees as to the disposition of any phase of this matter. All representations and expression relative to the outcome of this matter, are only expressions of the said attorney's opinions and do not constitute guarantees. Indeed, there are a number of considerations that may preclude confirmation of a Chapter 11 Plan, the loss of the property owned by You and/or the conversion of the case to Chapter 7. We look forward to continuing to work with you and thank you once again for the opportunity to serve.

Very truly yours,

/s/Peter L. Ressler, Esq.

I HAVE REVIEWED CAREFULLY THE FOREGOING RETENTION LETTER, UNDERSTAND THE TERMS, CONDITIONS AND MY RESPONSIBILITIES AND OBLIGATIONS HEREUNDER AND VOLUNTARILY AGREE AND CONSENT TO THEM.

Bailey Hill Management, LLC
BY_____,
   Ed Eramian
Its Managing Member
Duly Authorized
Dated: December ___, 2015



December 15, 2015
Page 7

# GROOB, RESSLER & MULQUEEN, P.C.

## 123 YORK STREET, SUITE 1B

## NEW HAVEN, CT 06511

## 203-777-5741

## FAX 203-777-4206

December 15, 2015

Ed Eramian, Managing Member
Bailey Hill Management, LLC
P.O. Box 113
East Killingly, CT 06243

RE:    *Chapter 11 Bankruptcy*

Dear Mr. Eramian:

This is to advise you that you filed a case under Chapter 11, which was filed in the

United States Bankruptcy Court, for the District of Connecticut, under

Case No. 15- _____ on December 15, 2015.

It is important that you attend all meetings or hearings scheduled before the Bankruptcy

Judge and the United States Trustee. Please implement the following instructions strictly:

1.      Close your present books of account as of the close of the business on

December 15, 2015  and open new books of account on or about December 16, 2015.

2.      You are authorized to operate your business as a Debtor-in-Possession until the

conclusion of this case.  As a Debtor-in-Possession, you have all of the powers to continue

your business, manage your property, and do all things (and take all actions) which may

deem necessary for the successful operation of your business.  You are authorized to hire

whatever employees you deem necessary, at whatever salaries you deem appropriate.  Your

salary should be set in a reasonable amount.

3. Open a new bank account in a designated depository as indicated upon the attached list.

Other bank accounts for the company should be closed and the funds placed in your new

account. The account shall be designated as " Bailey Hill Managment, LLC., Debtor-in-

Possession General Account". Upon receipt from your bank specimen checks from the account

must be sent to the Office of the U.S. Trustee, Giamo Federal Building, 150 Court Street,

New Haven, Connecticut 06510 with a copy to our offices. Timely payment of all taxes must be strictly complied with as this is a CONDITION PRECEDENT FOR YOUR CONTINUATION AS DEBTOR-IN-POSSESSION. FAILURE TO COMPLY MAY RESULT IN THE CHAPTER 11 PROCEEDING BEING CONVERTED TO A CHAPTER 7 PROCEEDING AND THE BUSINESS TERMINATED AND LIQUIDATED.

4.    You should be prepared to operate on a cash basis. No post-petition obligations should be created, unless you feel confident that you will be able to satisfy them. All post-petition goods and services should be paid for by their terms or within thirty (30) days of purchase. TO THE EXTENT THAT YOU NEED TO OBTAIN ANY SUBSTANTIAL CREDIT OR CREDIT OUTSIDE THE ORDINARY COURSE OF BUSINESS, IT IS LIKELY THAT YOU NEED COURT AUTHORITY AND YOU SHOULD CHECK WITH US PRIOR TO REQUESTING ANY SUCH CREDIT.

5.    At the end of each month, you must prepare (or have prepared) a monthly operating report reflecting cash receipts, cash disbursements, an accrual basis profit and loss statement and balance sheet, accounts payable, account receivable, and your general financial

condition. Attached hereto is a more detailed outline of the information require. The Bankruptcy Court will assume that you will not be incurring any obligations on a credit basis in any substantial amount; therefore, your statement will be an income statement of cash receipts and cash disbursements, and should also reflect any monies withheld and paid for taxes. The first monthly statement will cover the period from December 15, 2015  through December 31, 2015.  Thereafter, all monthly statements will cover the first through the end of the month. The U.S. Trustee's office requires that a copy of the statement be provided to them on the fifteenth day of each month reflecting the prior month's activity.

6.    The filing of the Chapter 11 Petition constitutes a general stay against all your creditors, secured and unsecured, landlords and utility companies, and others; all actions or proceedings against you by any creditor are automatically stayed pursuant to Section 362(a) of the Bankruptcy Code.  You cannot pay any debts incurred prior to the filing of the petition. It is assumed that the debts incurred prior to the filing of the Bankruptcy will be paid through the reorganization plan.  If any problems arise with any creditors in this regard, please call.

7.    As a Debtor-in-Possession, you have broad general powers, but you should not

sell any property, abandon any property, make any donations, enter into any executory contracts or leases, purchase any large amounts of property on credit, or enter into (or complete) any transaction outside of the ordinary course of your business without our prior legal advice to you and authority from the Bankruptcy Court.

8.    The legal consequences of your entering into any new lease or agreement which may adversely impact on your business during the pendency of this Chapter 11 case must be discussed with us prior to your entering into such lease or agreement.  Any lease or agreement which a Debtor-in-Possession enters into during the pendency of the Chapter 11 case results in an obligation on the part of the Debtor-in-Possession to fulfill each and every term and condition of said lease or agreement.  Your failure to abide by the terms of the lease or agreement will result in the other party to the lease or agreement being able to file an administrative claim for all damages sustained.  As an administrative claim, such claim would have to be paid in full.  This type of exposure is in sharp contrast to leases and agreements existing at the time of the filing of the Chapter 11 case which may be treated differently.

9.    In regard to leases existing at the time of the filing of the Chapter 11 Case, it is

essential that you provide us as soon as possible, but no more than one (1) week after the

Chapter 11 case is filed, with a list of each lease in which the Debtor-in-Possession is a

lessee or lessor. The Bankruptcy Code requires an Order to Assume certain leases within sixty

(60) day period or inaction will result in the automatic termination of such leases.

10.    The Debtor-in-Possession is required to pay all obligations arising under real

property leases subsequent to the Chapter 11 Petition being filed on a timely and current

basis. These obligations would include not only ongoing rent for the Post-Chapter 11 period

but also includes such items as taxes which become due after the Chapter 11 case has been

filed, even though such taxes related to a Pre-Chapter 11 period. IT IS IMPORTANT THAT

YOU CONTACT OUR OFFICE WITH RESPECT TO ANY QUESTIONS YOU MAY HAVE AS

TO WHETHER YOU SHOULD PAY ANY SPECIFIC LEASE OBLIGATION.

We reiterate that your failure to pay these obligations arising within the first Sixty (60)

days after the Chapter 11 case has been filed, will result in a Court determination that the

leases or lease have been terminated, whether or not you wish to terminate the leases or

lease.

11.    It is absolutely necessary that prior to engaging an accountant or other professional person, such as an appraiser or real estate agent, to do any work for the Debtor you consult with our office. Furthermore, if you intend to retain attorneys other than our firm, for specialized services unrelated to the Chapter 11 proceeding, they require a Court Order for their retention. It will be necessary that they submit to us an affidavit of the services they intend to perform and what their fee services they intend to perform and what their fee requirements are, all of which will be subject to Court approval in an application which we shall file on their behalf.

12.    On a quarterly basis you will be required to pay a fee to the Office of the U.S. Trustee. The fee is based upon total disbursements made within the quarter. The minimum fee is $325.00. You will be billed directly by the Department of Justice. A plan of reorganization cannot be confirmed until all of these fees are paid in full. In addition, the proceeding may be dismissed or converted to a Chapter 7 liquidation if the fees are not paid.

13.    Evidence of insurance must be provided to the U.S. Trustee in the form of a

binder, certificate or current policies.  It must be filed within one (1) week of the filing of the petition. Please provide it to our office immediately so we can review and copy the document before timely filing it.

14.    Upon filing, to the extent certain assets secure the claims of creditors, we must request permission from that secured creditor to use, sell or lease those assets if we choose to do so.  Such a request is granted through the filing of a cash collateral use motion, including cash and accounts receivables. Secured Creditors are often cooperative provided a monthly carve out of funds is provided to cover the cost of the creditor's legal fees and supervisory or administrative costs with regard thereto. Without permission from the secured creditor, the use of any case collateral is forbidden and any process of receivables included in the security must be segregated in a separate Debtor-in-Possession cash collateral account.

15.    Please be advised that the commission of a Bankruptcy Crime such as fraud, embezzlement, concealment of assets and bribery, if proven, may result in the conversion of the case to a straight liquidation under Chapter 7 of the Bankruptcy Code without the

discharge of your debts, a fine and even a prison sentence. Any such abuse of the

Bankruptcy provisions are strictly forbidden. If you become aware of any such conduct in

connection with the case you must advise us immediately.

16. It is also important to note that any transfer of property within ninety (90) days

of the Bankruptcy filing (or within one (1) (or possibly four (4)) year(s) if the transfer was to

a relative or business partner or other "insider"), will be retracted unless the transfer was not

made at a time when the Debtor was insolvent, or to such an extent that it caused the

Debtor's insolvency, it was transferred for fair market value, documented in full and done

without any intention to defraud creditors. It is important that you make us aware of any such

transactions so that we may act accordingly on your behalf.

17. This letter is intended as a general set of instructions or guidelines for you, as a

Debtor-in-Possession, during the reorganization proceeding. If you feel this letter does not

answer adequately any questions you may have, or that there should be an exception to the

general guidelines set forth in this letter, please feel free to contact us at any time. We

recommend that you have a photocopy of this letter handy at all times, so that you can refer

to it especially if you are unable to reach us immediately for any reasons. Please contact this

office if you have any questions, no matter how minor they may seem to be, concerning how

you may proceed during the pendency of the reorganization proceeding.

We request that you date and sign the enclosed copy of this letter and return it to us

for our file. Thank you.

Very truly yours,

Groob, Ressler & Mulqueen, P.C.

Received on this ____ day of December, 2015

Bailey Hill Management, LLC

BY_____
        Ed Eramian
        Managing Member



## MONTHLY FINANCIAL STATEMENTS

Reports shall be filed not later than the 15th calendar day following the end of each calendar month, covering all transactions, on an accrual basis, by the Debtor-in-possession (or the trustee) for the calendar month immediately preceding the due date. The first report shall include all transactions for the first full calendar month from the date of the filing of the petition. Monthly reports shall include:

A.    A cover sheet showing the name of the Debtor, case number, identifying the preparer, the Debtor, and/or the Debtor's attorney. If the operating report is prepared by a party other than the Debtor, or its principals or employees, there should also be included an opinion letter or report specifying audit or review standards employed, and any deviations from the consistent application of generally accepted accounting principles.

B.    An Accrual Basis Profit & Loss Statement and Balance Sheet prepared in accordance with generally accepted accounting principles (GAAP) with all disclosures appropriate for interim reporting.

C.    A Schedule of Cash Receipts & Disbursements, either listing each transaction classed by ledger account, or if over 50 transactions per month, then grouped and categorized by ledger account. A Chart of Accounts should be provided with the first report.

D.    A Schedule of Accounts Payable.[1] This schedule should list each account (or group if more than 25) showing by columnar classification amounts which are:

      1.    Pre-Petition

      2.    Current/not yet due

      3.    1-30 days past due

      4.    31-60 days

      5.    61-90 days

      6.    91-180 days

7.      180 & over

---

[1]Payable transactions, other than third party trade payables, i.e., with related parties, inter-company, and notes payable should be segregated.  Any items which are disputed, or which have financially significant terms, conditions or covenants should be explained by appropriate disclosure.  Pre-petition liabilities should also be segregated for presentation and disclosure purposes during the pendency of the proceeding.  Any transaction effecting the balance of the pre-petition receivables should be fully explained by appropriate disclosure.

E.    A schedule of Accounts Receivable.  This should list accounts as described in "D" above.  Disclosure is required wherever accounts are subject to factoring, discounting or other financing practice.

F.    A schedule of Federal, State and Local Taxes Collected, Received, Due or Withheld.  For each month, this schedule should provide the following information.

1.    All wages and salaries paid (gross) or incurred.

2.    The amount of payroll taxes withheld.

3.    The amount of employer payroll tax contributions incurred.

4.    The gross taxable sales.

5.    Sales taxes collected.

6.    The date and amount paid over to each taxing agency for taxes identified in items, 2, 3 and 5 above.

G.    A Schedule of Cost of Goods Sold classifying inventory by manufacturing process (raw materials, component, goods-in-process and finished goods) or by product line for a distributor-type business showing beginning inventory, purchases and ending inventory. The Schedule should show by ledger account all other items incurred or "expensed" as a cost of product, i.e., labor, overhead, etc.