**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **BAILEY HILL MANAGEMENT, LLC,** | **Case No. 16-20005 (AMN)** |
| **Debtor.** | |

**UNITED STATES TRUSTEE'S MOTION FOR AN ORDER COMPELLING
PETER L. RESSLER AND GROOB, RESSLER & MULQUEEN, PC
TO ACCOUNT FOR ALL MONIES RECEIVED AND TO DISGORGE SAME**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), in furtherance of his duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (5), respectfully moves, through counsel, pursuant to Section 329 for an order compelling Peter L. Ressler ("Mr. Ressler") and Groob, Ressler & Mulqueen, P.C. ("GRM") to account for all monies received from any source in connection with the chapter 11 bankruptcy case of Bailey Hill Management, LLC (the "Debtor") and disgorge same. Additionally, the United States Trustee seeks an order denying Mr. Ressler all compensation in this case. In support of his motion, the United States Trustee, respectfully represents and alleges as follows:

**PRELIMINARY STATEMENT**

Mr. Ressler has multiple pending chapter 11 cases in the District of Connecticut.   In two of those cases, the Court (Manning, J. and Nevins, J.) recently issued orders to show cause to require Mr. Ressler to provide bank statements from his IOLTA account(s) or other attorney accounts to verify funds on deposit that are property of debtors' estates ("March 2016 Orders to Show Cause"). *See In re Eternal Enterprise, Inc.*, Case No. 14-20292 (AMN) at ECF 236 and 409; *In re 329 Greene Street, LLC*, Case No. 11-32184 (JAM) at ECF 250.   After being found in civil contempt for failing to provide all of the requested statements and because the funds are not currently accounted for by Mr. Ressler, the Court (Manning, J. and Nevins, J.) each entered orders,

1

in essence, freezing the bank accounts to which Mr. Ressler has access by prohibiting Mr. Ressler from "transferring, withdrawing, transmitting, using, or otherwise disposing of or permitting withdrawal or use of funds contained in any account for which [Mr.] Ressler, singly, jointly, or as a corporate representative, is a signatory, holder, owner, custodian, trustee or beneficiary, or for which [Mr.] Ressler otherwise possesses the means to exert control, possession and/or dominion over an account." *See In re Eternal Enterprise, Inc.*, Case No. 14-20292 (AMN) at ECF 424; *In re 329 Greene Street, LLC*, Case No. 11-32184 (JAM) at ECF 258 ("329 Greene Contempt Order"). The 329 Greene Contempt Order strikes Mr. Ressler's appearance as counsel for 329 Greene Street, LLC and revokes Mr. Ressler's attorney password for access to the Court's Electronic Filing System.  *In re 329 Greene Street, LLC*, Case No. 11-32184 (JAM) at ECF 258 at page 4. The Court (Manning, J.) has referred Mr. Ressler to the Grievance Committee of the United States District Court for the District of Connecticut for his conduct.  *In re 329 Greene St., LLC*, Case No. 11-32184 (JAM) at ECF 271.

In response to the March 2016 Orders to Show Cause, on March 18-19, 2016 Mr. Ressler caused the following to occur in *In re Eternal Enterprise, Inc.*, Case No. 14-20292 (AMN) and *In re 329 Greene Street, LLC*, Case No. 11-32184 (JAM): (a) Mr. Ressler filed a motion to withdraw as counsel to the debtor; (b) Mr. Ressler obtained counsel to represent him; and (c) through counsel, Mr. Ressler filed copies of his letter to the Office of Chief Disciplinary Counsel for the State of Connecticut regarding his self-reporting of violations of Rules 1.15 and 8.4(4) of the Connecticut Rules of Professional Conduct, his statement of resignation from the bar of the State of Connecticut under Connecticut Practice Book § 2-52, and his affidavit regarding his resignation from the bar of the State of Connecticut.  *See In re Eternal Enterprise*, *Inc.*, Case No. 14-20292 (AMN) at ECF 413, 414, 415 and 416; *In re 329 Greene Street, LLC*, Case No. 11-32184 (JAM) at ECF 252, 253, 254 and 255.   The Office of Chief Disciplinary Counsel has since commenced a disciplinary action against Mr. Ressler and has accepted Mr. Ressler's resignation from the bar of

the State of Connecticut. *Office of the Chief Disciplinary Counsel v. Ressler*,

NH-CV16-5036605-S. Mr. Ressler has waived his right to apply for readmission to the bar of the

State of Connecticut. *Id.*

Given Mr. Ressler's admitted violations of Rules 1.15 and 8.4(4) of the Connecticut Rules

of Professional Conduct and his resignation from the bar of the State of Connecticut, the United

States Trustee seeks an order requiring Mr. Ressler and GRM to account for the monies they

received in connection with the Debtor's bankruptcy case, from whatever source.   The United

States Trustee also seeks an order requiring Mr. Ressler and GRM to return all monies received

back to the original source and an order denying Mr. Ressler and GRM any compensation for work

performed in connection with the Debtor's bankruptcy case.

## FACTS

1.      The Debtor filed a voluntary chapter 11 petition ("Petition") on January 4, 2016

("Petition Date").   ECF 1.   Mr. Ressler signed the Petition as Debtor's counsel. *Id*. at Signature

of Attorney.

2.      Since the Petition Date, the Debtor has managed its affairs as a debtor in possession

pursuant to Sections 1107 and 1008.   No trustee or examiner has been appointed in this case.

Due to a lack of creditor interest, the United States Trustee has not been able to appoint an Official

Committee of Unsecured Creditors.

3.      On January 14, 2016, the Debtor filed an application to employ Mr. Ressler

("Retention Application"). ECF 12. The Retention Application states that Mr. Ressler received a

retainer of $15,000.00 paid by Edward R. Eramian, the managing member of the Debtor and the

sole member of 207 Tracy Road Associates, LLC ("Tracy Road"), and which retainer "will be

applied on account of legal fees and expenses incurred in representing the Debtor in

contemplation of and in connection with the chapter 11 case." *Id*. at ¶ 8. The Petition lists Mr.

Eramian as the managing member of the Debtor. ECF 1.

4.       On January 20, 2016, the Debtor filed, *inter alia*, its Statement of Financial Affairs (the "SOFA"), and Mr. Ressler filed a statement pursuant to Fed.R.Bankr.P. 2016(b) ("Disclosure of Compensation"). ECF 13. At question 11 of the SOFA, the Debtor discloses that Tracy Road paid $15,000.00 to GRM on the Debtor's behalf. *Id.* at SOFA at Question 11.   Mr. Ressler's Disclosure of Compensation states that he received a retainer of $15,000.00 and that the source of the retainer was Tracy Road. *Id.* at Disclosure of Compensation.

5.       The source of the retainer disclosed in the Retention Application is inconsistent with the source of the retainer disclosed in the SOFA at Question 11 and the Disclosure of Compensation.   As such, it is unclear whether the retainer was paid by Mr. Eramian or by Tracy Road.

6.       On March 15, 2016, the Court entered an order authorizing the Debtor to employ Mr. Ressler (the "Retention Order"). ECF 22. The Retention Order states that "the effective date of this Order shall be the date the [Retention] Application, ECF No. 12, was filed; . . ." *Id.*

7.       To date, Mr. Ressler has not filed a fee application pursuant to 11 U.S.C. § 330, nor has the Bankruptcy Court otherwise approved compensation or reimbursement of expenses for him.   *See* ECF Docket.

8.       It is unknown if Mr. Ressler or GRM are still in possession of any retainer paid to Mr. Ressler and/or GRM.

## ARGUMENT

Section 330 authorizes payment to professionals retained by order of the Court.   11 U.S.C § 330 (a).   Section 330(a) allows a court to award "reasonable compensation for actual, necessary services rendered."   11 U.S.C. §330(a)(1)(A).   Section 330(a)(1) of the Bankruptcy Code specifically provides that:

> After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, … an examiner, … or a professional person employed under section 327 or 1103 –

(A)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, . . . professional person, or attorney and by any paraprofessional person employed by any such person; and

(B)    reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1)(A) and (B).   In determining reasonableness, Section 330(a)(3) of the

Bankruptcy Code instructs that:

the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

A.    the time spent on such services;

B.    the rates charged for such services;

C.    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

D.    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

E.    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

F.    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11  U.S.C. § 330(a)(3).[1]

To date, Mr. Ressler and/or GRM have not filed a fee application under Section 330

requesting an award of fees and authorization to use the $15,000.00 paid to Mr. Ressler and/or

GRM as a retainer for the Debtor's bankruptcy case. As such, Mr. Ressler and GRM are not

---

[1]  Bankruptcy Rule 2016 implements the standards set forth in Section 330 of the Bankruptcy Code:

An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, the time expended and expenses incurred and (2) the amounts requested.

Fed. R. Bankr. P. 2016(a).

entitled to keep the $15,000 they received. *See, e.g., Arens v. Boughton (Matter of Prudhomme),* 43 F.3d 1000, 1004 (5th Cir. 1995) ("An unearned retainer cannot be used by the attorney until a fee request is first allowed by the bankruptcy court"); *In re Parklex Assoc., Inc.,* 435 B.R. 195 (Bankr. S.D.N.Y. 2010) (attorney who spent retainer prior to approval of use by the court was denied all compensation); *In re Xavier P, Inc.*, 2012 WL 629042 (Bankr. D. Colo. February 27, 2012) (attorney not entitled to use pre-petition retainer without fee award); *In re Ford*, 446 B.R. 550 (Bankr. M.D. Fla.2011) (counsel must file fee application to obtain permission to keep retainer).

Additionally, under Section 329, the Court may examine any fee arrangement in a bankruptcy case and may order the return of fees. 11 U.S.C. § 329(a) and (b).   Given that Mr. Ressler has resigned from the bar of the State of Connecticut and the Court (Manning, J.) has referred Mr. Ressler to the Grievance Committee of the United States District Court for the District of Connecticut for his conduct relating to his apparent unauthorized use of client funds, Mr. Ressler can no longer represent the Debtor effectively and as such, the Debtor will need to obtain new counsel in order to efficaciously pursue its chapter 11 case.   To aid that process and to properly review Mr. Ressler's actions in this case, Mr. Ressler and GRM should be required to account for any monies received in connection with the Debtor's bankruptcy case and the source of same monies.   Further, Mr. Ressler and GRM should also be required should be ordered to disgorge and return such funds to their original source at such time as the Court allows Mr. Ressler access to his accounts, and should not be allowed any compensation in this case.

**WHEREFORE,** the United States Trustee requests that the Court enter an order:

A)    Compelling Mr. Ressler and GRM to account for all monies received in connection with the Debtor's bankruptcy case and identify the source of same monies and provide such

accounting by affidavit filed with the Court on or before ten (10) days after entry of any Court order on this motion;

B)      Compelling Mr. Ressler and GRM to return all monies received in connection with the Debtor's bankruptcy case to their original source within ten (10) days of the date the Court grants Mr. Ressler permission to access his accounts; and

C)      Denying Mr. Ressler all compensation in this case;

D)      Granting such other relief as this Court deems appropriate under the circumstances of this case and the relief requested herein.

Dated: April 20, 2016                          Respectfully submitted,
        New Haven, Connecticut              WILLIAM K. HARRINGTON
                                            UNITED STATES TRUSTEE FOR REGION 2

                                        By: Holley L. Claiborn
                                            Holley L. Claiborn ct17216
                                            Trial Attorney
                                            Office of the United States Trustee
                                            Giaimo Federal Building
                                            150 Court Street, Room 302
                                            New Haven, CT 06510
                                            (203) 773-2210

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **BAILEY HILL MANAGEMENT, LLC,** | **Case No. 16-20005 (AMN)** |
| **Debtor.** | |

**PROPOSED ORDER**
**GRANTING UNITED STATES TRUSTEE'S MOTION FOR AN ORDER**
**COMPELLING PETER L. RESSLER AND GROOB, RESSLER & MULQUEEN, PC**
**TO ACCOUNT FOR ALL MONIES RECEIVED AND TO DISGORGE SAME**

The United States Trustee having moved for an order compelling Peter L. Ressler and

Groob, Ressler & Mulqueen PC ("GRM") to account for all monies received in connection with

the chapter 11 case of Bailey Hill Management, LLC ("Debtor") and identify the source of same,

and to further disgorge and return all such monies to their original source, and upon proper

notice under the contested matter procedure and no objection having been filed, and for good

cause shown, it is hereby

**ORDERED** that on or before ten (10) days after entry of this order, Mr. Ressler and

GRM shall account for all monies received in connection with the Debtor's bankruptcy case and

identify the source of same monies and provide such accounting by affidavit filed with the Court;

and it is further

**ORDERED** that Mr. Ressler and GRM shall return all monies received in connection

with the Debtor's bankruptcy case to their original source within ten (10) days of the date the

Court grants Mr. Ressler permission to access his accounts; and it is further

**ORDERED** that Mr. Ressler shall not be entitled to receive any compensation in this

chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **BAILEY HILL MANAGEMENT, LLC,** | **Case No. 16-20005 (AMN)** |
| **Debtor.** | |

---

### NOTICE OF CONTESTED MATTER RESPONSE DATE

William K. Harrington, the United States Trustee for Region 2 has filed a Motion For An Order Compelling Peter L. Ressler And Groob, Ressler & Mulqueen, PC To Account For All Monies Received And To Disgorge Same (the "Contested Matter") with the United States Bankruptcy Court.   NOTICE IS HEREBY GIVEN THAT ANY RESPONSE TO THE CONTESTED MATTER MUST BE FILED WITH THE COURT (within 14 days of the filing of the contested matter) NO LATER THAN **MAY 4, 2016\*** IN ACCORDANCE WITH FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002(a).   In the absence of a timely filed response, the proposed order in the Contested Matter *may* enter without further notice and hearing, *see* 11 U.S.C. § 102(1).

Dated: April 20, 2016                    Respectfully submitted,
      New Haven, Connecticut           WILLIAM K. HARRINGTON
                                UNITED STATES TRUSTEE FOR REGION 2

                             By: <u>Holley L. Claiborn</u>
                                  Holley L. Claiborn ct17216
                                  Trial Attorney
                                  Office of the United States Trustee
                                  Giaimo Federal Building
                                  150 Court Street, Room 302
                                  New Haven, CT 06510
                                  (203) 773-2210

    \*Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three days are added after the response date set in this notice.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

In re                                                                        **Chapter 11**

**BAILEY HILL MANAGEMENT, LLC,**                              **Case No. 16-20005 (AMN)**

            **Debtor.**

---

### CERTIFICATE OF SERVICE

        In accordance with the applicable provisions of the Federal Rules of Bankruptcy
Procedure, 2002 and 7004, the undersigned certifies that on the 20th day of April, 2016, the
following documents were served on all appearing parties via the court's electronic filing
system and by first class mail on the parties listed in section 2 below.

1.  **Documents Served**

    a.  United States Trustee's Motion For An Order Compelling Peter L. Ressler And
        Groob, Ressler & Mulqueen, PC To Account For All Monies Received And To
        Disgorge Same
    b.  Proposed order on same
    c.  Notice of Contested Matter Response Date

2.  **Parties Served Via First Class Mail**

    a.  Parties on the attached Service List - Attn: President/CEO/Managing
        Member/Owner/Bankruptcy Manager

    b.  Parties listed below:

        Peter L. Ressler
        Groob Ressler & Mulqueen, PC
        123 York Street
        Suite 1B
        New Haven, CT 06511

        Jonathan Katz, Esq.
        Jacobs & Dow, LLC
        350 Orange Street
        New Haven, CT 06511

Vincent Marino, Esq.
Cohen & Wolf, PC
657 Orange Center Road
Orange, CT 06477

**3. Parties Served Via ECF**

- Meredith C. Burns     mcburns@murthalaw.com
- Peter L. Ressler     ressmul@yahoo.com, resslerlawoffice@gmail.com

Dated: April 20, 2016                    Respectfully submitted,
      New Haven, Connecticut          WILLIAM K. HARRINGTON
                                      UNITED STATES TRUSTEE FOR REGION 2

                               By: Holley L. Claiborn
                                  Holley L. Claiborn ct17216
                                  Trial Attorney
                                  Office of the United States Trustee
                                  Giaimo Federal Building
                                  150 Court Street, Room 302
                                  New Haven, CT 06510
                                  (203) 773-2210

Label Matrix for local noticing
0205-2
Case 16-20005
District of Connecticut
Hartford
Wed Apr 20 11:18:41 EDT 2016



Bailey Hill Management, LLC
P.O. Box 113
East Killingly, CT 06243-0113
Attn: Edward R. Eramian

Pine Banks Nominee Lending Trust
c/o Law Offices of Steve Ross, P.C.
83 Speen Street
Natick, MA 01760-4168

Slater Hill Lending Trust
c/o Law Offices of Steve Ross, P.C.
83 Speen Street
Natick, MA 01760-4168



Aron Austerlitz
40 Calvert Drive
Monsey, NY 10952-2125

Bailey Hill Lending Trust,etal
c/o Steve Ross, Trustee
Law Office of Steve Ross
83 Speen Street
Natick, MA 01760-4168

Baily Hill Lending Trust
c/o Meredith C. Burns, Esq.
Murtha Cullina LLP
CityPlace 1 - 185 Asylum Street
Hartford, CT 06103-3469

Connecticut Light and Power DBA Eversource
PO BOX 2899
Hartford CT 06101-8307

Department of Treasury-IRS
Centralized Insolvency Operation
PO Box 7346
Philadelphia PA 19101-7346

East Killingly Fire District
P.O. Box 214
ATTN. Donna Ducat
East Killingly, CT 06243-0214

Eversource
POB 650032
Dallas, TX 75265-0032

NextGen Security Co., LLC
PO Box 498
Putnam, CT 06260-0498

Pine Banks Lending Trust
c/o Steve Ross, Trustee
Law Offices of Steve Ross
83 Speen Street
Natick, MA 01760-4168

Pine Banks Nominee Lending Trust
c/o Meredith C. Burns, Esq.
Murtha Cullina LLP
CityPlace 1 - 185 Asylum Street
Hartford, CT 06103-3469

Slater Hill Lending Trust
c/o Meredith C. Burns, Esq.
Murtha Cullina LLP
CityPlace 1 - 185 Asylum Street
Hartford, CT 06103-3469

Slater Hill Lending Trust
c/o Steve Ross, Trustee
Law Office of Steve Ross
83 Speen Street
Natick, MA 01760-4168

Town of Killingly
172 Main Street
Killingly, CT 06239-8200





Peter L. Ressler
Groob Ressler & Mulqueen
123 York Street, Ste 1B
New Haven, CT 06511-5651

End of Label Matrix
Mailable recipients    21
Bypassed recipients     0
Total                  21