**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| In Re: | : | CHAPTER 11 |
| BAILEY HILL MANAGEMENT, LLC | : | CASE NO.: 16-20005 (AMN) |
| Debtor. | : | MAY 3, 2016 |

## OBJECTION TO MOTION TO DISMISS

1. On January 4, 2016, the Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. At the time, the Debtor was represented by former attorney Peter L. Ressler.

2. At the time of the filing, the Debtor's principal assets were two parcels of real estate: (a) 963 Bailey Hill Road, East Killingly, CT (the "Bailey Hill Property") consisting of 56 acres of land improved with a historic mill building; and (b) 291 Slate Hill Road, East Killingly, CT (the "Slater Hill Property") consisting of 12.5 acres of real estate, improved by a single family residence and some small outbuildings.

3. Both the Bailey Hill Property and the Slater Hill Property require development and certain regulatory approvals, including subdivision approval to maximize their value.

4. Over the last ten years, the Debtor has paid the expenses associated with the Bailey Hill Property and Slater Hill Property.

5. On March 21, 2016, the Debtor's former attorney Peter Ressler resigned from the bar of the State of Connecticut. On April 7, 2016, the Connecticut Superior Court appointed Vincent Marino as Trustee pursuant to Practice Book §2-64 to inventory and take custody of Peter Ressler's files. On April 8, 2016, Peter Ressler resigned from the Bar of the United States District Court for the District of Connecticut. In Re: Peter L. Ressler, 3:16-gp-0009 (AVC). On April 25, 2016, the United States of

1

America charged Peter Ressler with embezzlement of debtor funds pursuant to 18 U.S.C. §153.  In Re: Peter L. Ressler, 3:16-mj-00088 (WIG).

6. The undersigned counsel has just been retained to represent the Debtor within the past week and is still in the process of learning about the file.

7. During the brief time that the undersigned counsel has represented the Debtor, the undersigned has learned of several amendments which must be made to the Debtor's Schedules.

**The Debtor's Filing Was Not in Bad Faith**

8. The Movant claims that the Debtor's breach of a settlement agreement and Mr. Eramian's transfer of his interest in the Slater Hill Property evidences bad faith.  In actuality, the Debtor's filing is not in bad faith, but is designed to permit the Debtor to obtain the necessary approvals and permits to market the two properties in such a way as to maximize their value to all creditors.  Both properties require subdivision approvals, among others to market them and realize their maximum value.  Under the circumstances, the Debtor is not acting in bad faith.

**The Debtor's Estate is Not Suffering From Substantial Continuous Loss**

9. The Movant argues that the Debtor lacks sufficient funds to keep the real estate taxes current and to pay equipment rental fees.  It is the Debtor's expectation that it will be able to borrow the necessary funds from a company owned by one of the Debtor's principals before the July 2016 due date for the taxes.  The Movant also argues that there is no likelihood of a successful reorganization.  Under the circumstances of this case, with the Debtor's prior counsel the subject of criminal charges and the Debtor's new counsel so recently retained the Debtor submits that such a judgment would be premature.  The Debtor must be given time with its new counsel to try to formulate a Plan of Reorganization.

Accordingly, Movant's Motion to Dismiss should be denied.

THE DEBTOR,
BAILEY HILL MANAGEMENT, LLC

By: /s/ *Jeffrey Hellman*
Jeffrey Hellman (ct04102)
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT 06510
Tel.: 203-691-8762
jeff@jeffhellmanlaw.com