UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Hartford Division

| | |
|---|---|
| In re<br><br>BAILEY HILL MANAGEMENT, LLC,<br><br>    Debtor. | CASE NO. 16-20005<br><br>(Chapter 11)<br><br>RE: Doc. I.D. No. 37 |
| BAILEY HILL LENDING TRUST, PINE BANKS NOMINEE LENDING TRUST and SLATER HILL LENDING TRUST,<br><br>    Movants,<br><br>v.<br><br>BAILEY HILL MANAGEMENT, LLC,<br><br>    Respondent. | JUNE 6, 2016 |

## REPLY TO OBJECTION TO MOTION TO DISMISS

Bailey Hill Lending Trust, Pine Banks Nominee Lending Trust and Slater Hill Lending Trust (collectively, the "Movants") hereby reply to the Objection to Motion to Dismiss (Doc. No. 37) (the "Objection") filed by the debtor, Bailey Hill Management, LLC (the "Debtor").

In the Objection, the Debtor claims that it did not file this case in bad faith because the bankruptcy filing "is designed to permit the Debtor to obtain the necessary approvals and permits to market the two properties in such a way as to maximize their value to all creditors.  Both properties require subdivision approvals, among others to market them and realize their maximum value." (See Objection, ¶ 8.)  The Debtor has

7028257v1

-2-

not provided any factual support as to how filing a chapter 11 petition will assist it in obtaining subdivision approvals and on its face, this stated intention does not serve as a basis for filing for bankruptcy protection. In fact, the Debtor could have commenced the process to obtain such approvals as early as 2005, when it acquired the loans from the Movants. In addition, in 2009, when the Debtor defaulted under the payment terms of the notes, it represented to the Movants that it would do everything necessary to market and sell the properties in order to repay the notes in full.

The Debtor has had over seven (7) years to effectuate a plan to repay the notes, including obtaining subdivision approvals to maximize the values of the properties. Yet the Debtor has not done so. Instead, the Debtor forced the Movants to commence an action in the Connecticut Superior Court and expend an inordinate amount of time and funds litigating and negotiating a settlement agreement, which the Debtor then breached. When the Movants finally obtained judgment in the Superior Court, the Debtor appealed the judgment and orchestrated a transfer of one of the properties into its name (without the Movant's consent) in order to provide an income basis for the chapter 11 petition. These actions were done in bad faith with the clear intention of harming the Movants.

Further, as set forth in the Motion, the Debtor has no ability to meet its current obligations and reorganize. In the Objection, the Debtor states, "It is the Debtor's expectation that it will be able to borrow the necessary funds from a company owned by one of the Debtor's principals before the July 2016 due date for the taxes." (See Objection, ¶ 9.) On June 3, 2016, the Debtor filed a Motion to Approve Loan as Allowed Administrative Expense Under 503(b)(1) and 364(a) (Doc. No. 46) (the "Motion to

Approve Loan"). Pursuant to the Motion to Approve Loan, the Debtor is requesting permission to borrow $11,500.00 from an entity known as 207 Tracy Road Associates, LLC (the "LLC") (an entity owned by Edward Eramian, the managing member of the Debtor) in order to fund 90 days of estimated expenses. See Motion to Approve Loan at pp. 1, 2. Importantly, the LLC and Edward Eramian are defendants in a foreclosure action pending in the Connecticut Superior Court, wherein it is alleged that the LLC and Eramian failed to pay sums due and owing to Citizens Bank.[1] It is unclear how the LLC will provide any sums to the Debtor if it cannot meet its own monetary obligations to Citizens Bank and to the Movant, who also holds a mortgage on 207 Tracy Road. This proposed loan is indicative of yet additional bad faith on behalf of the Debtor, its principals and affiliates.

Finally, even if the Debtor is permitted to enter into this proposed loan with the LLC, there is no assurance that the Debtor will be able to sustain a chapter 11 plan beyond the next 90 days. There is no suggestion that additional funds will be forthcoming to fund a reorganization plan and the mere possibility that an estate will be infused with funds is insufficient to constitute a reasonable likelihood of rehabilitation. See Taub v. Adams, 2010 U.S. Dist. LEXIS 104805 *37 (E.D.N.Y. Aug. 30, 2010). In summary, the Debtor has not provided the Court with any legitimate reason for the bankruptcy filing or with any plausible plan for reorganization.

---

[1] See Citizens Bank, N.A. v. 207 Tracy Road, LLC et al., WWM-CV-15-6010034.

-4-

WHEREFORE, for the reasons set forth above, the Court should grant the Motion to Dismiss.

>MOVANTS – BAILEY HILL LENDING TRUST, PINE BANKS NOMINEE LENDING TRUST AND SLATER HILL LENDING TRUST
>
>By  /s/ Meredith C. Burns
>    Robert E. Kaelin – ct11631
>    Meredith C. Burns – ct27544
>
>Murtha Cullina LLP
>CityPlace I - 185 Asylum Street
>Hartford, Connecticut 06103-3469
>Telephone:  860.240.6000
>Facsimile:   860.240.6150
>Their Attorneys