**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION**

| | | |
|---|---|---|
| In Re: | : | CHAPTER 11 |
| BAILEY HILL MANAGEMENT, LLC | : | CASE NO.: 16-20005 (AMN) |
| Debtor. | : | JUNE 23, 2016 |

**MEMORANDUM OF LAW IN OPPOSITION TO DESIGNATING THE DEBTOR TO BE A SINGLE ASSET REAL ESTATE DEBTOR WITHIN THE DEFINITION OF 11 U.S.C. §101(51B)**

The Court has raised the question as to whether the Debtor should be designated as a "single asset real estate" ("SARE") debtor as defined in 11 U.S.C. §101(51B). The term is defined in the Code as "real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto."

The Debtor maintains that this case is not a SARE case because the Debtor owns more than one parcel of real estate and these parcels are extremely different in many respects and because the Debtor does not have a common development plan. Indeed, the Town of Killingly zoning regulations prohibit such a common development plan. When a debtor has multiple parcels, but no operating business, the Court looks to the question of whether the separate parcels constitute a "single project" within the meaning of 11 U.S.C. §101(51B). In order for a debtor with multiple properties to be deemed a SARE, "the mere fact of common ownership will not suffice" In Re: Alvion Properties, Inc., 538 B.R. 527, 533 (Bankr. S.D. Ill. 2015) quoting In Re:

1

Hassen Imports Partnership, 466 B.R. 492, 507 (C.D. Cal. 2012).  To be a SARE, the properties must be "purchased, developed or sold pursuant to a common plan or scheme linked together by common usage in pursuit of a common purpose."  In Re: Alvion Properties, Inc., 538 B.R. at 328, 331 quoting In Re: Yishlam, Inc., 495 B.R. 328, 331 (Bankr. S.D. Tex. 2013).  "The 'common plan or scheme' must govern the present use of the properties."  In Re:  Hassen Imports Partnership, 466 B.R. at 507.  "In evaluating a certain set of properties to determine if they constitute a simple project, courts have considered a number of factors, including:  (1) the use of the properties; (2) the circumstances surrounding the acquisition of the properties, including the time of the acquisition and the funds used to acquire the properties; (3) the location of the properties and proximity of the properties to one another; and (4) any plans for future development, sale or abandonment of the properties.  Id.

In this instance, there are four separate parcels for zoning purposes owned by the Debtor:

1. 963 Bailey Hill Road
2. 556 Valley Road
3. 17 Soap Street
4. 291 Slater Hill Road

The Bailey Hill property is zoned Mill Mixed Use Development District ("MMUDD").  See Exhibit A.  Under the relevant zoning regulations shown in Exhibit A, no parcels may be added to this parcel, the property cannot be further subdivided and the property must have public water and sewer systems.  The Debtor has obtained approval for 20,000 square feet of commercial development with 212 multifamily residential units for this Property.

556 Valley Road is a .63 acre parcel which is zoned low density residential.  Because it is not part of the MMUDD zoning, it cannot be part of the 963 Bailey Hill development.  17 Soap

Street is a .93 acre parcel that, like 556 Valley Road is zoned low density residential and cannot be part of the 963 Bailey Hill development.  Finally, 291 Slater Hill Road is a 12.5 acre parcel zoned medium density residential.  In order to develop this parcel, the Debtor will need subdivision approval.  Under existing zoning, the Debtor would expect to subdivide this parcel into 30 single family residential building lots.

In considering the Hassen factors, the first and fourth factors, the permitted use of the properties and the plans for future development, clearly show that the parcels are not part of a single project.  The MMUDD zoning does not permit the same type of development for 556 Valley Road, 17 Soap Street and 291 Slater Hill Road as is permitted for 963 Bailey Hill.  Moreover, the MMUDD zoning has requirements for 963 Bailey Hill, such as public water and sewer, which are not required for the other parcels.  Accordingly, the Debtor really cannot develop those parcels as a single project.

As to the second factor, 963 Bailey Hill, 556 Valley Road and 17 Soap Street were all purchased on April 15, 1999.  The Slater Hill Road property was not purchased until March 30, 2006,[1] seven years after the other properties.  Thus, the second of the factors also shows that these properties are not one project.

11 U.S.C. §101(51B) limits single asset real estate cases to those involving a single property or project.  Here, the Debtor has more than one property and has shown by analysis of the Hassen factors, the Debtor's properties are not part of a single project.  In Re:  McGreals, 201 B.R. 736 (Bankr. E.D. Pa. 1996).  Accordingly, the Court should not designate the Debtor to be a SARE.

In any event, the SARE designation may be moot.  The principal consequence of a SARE designation is that, pursuant to 11 U.S.C. §362(d)(3)(A), the stay may be lifted if the debtor does

---

[1] Slater Hill Road was originally purchased under the name of Edward Eramian.

not file a plan that has a reasonable possibility of being confirmed within a reasonable time within 30 days of the Court's designating the case as a SARE. Here, the Court has already ordered the Debtor to file such a plan by July 19, 2016. Thus, even if the Debtor is deemed to be a SARE, there would be no meaningful effect on the case.

                    BAILEY HILL MANAGEMENT, LLC

By:   /s/ *Jeffrey Hellman*
      Jeffrey Hellman (Ct04102)
      Law Offices of Jeffrey Hellman, LLC
      195 Church Street – 10th Floor
      New Haven, CT 06510
      Tel.: (203) 691-8762
      Fax: (203) 823-4401
      jeff@jeffhellmanlaw.com