UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

In re

Chapter 7

**BAILEY HILL MANAGEMENT, LLC,**     Case No. 16-20005  (JJT)

Debtor.

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S APPLICATION TO EMPLOY MALTZ AUCTIONS, INC. AS AUCTIONEER/REAL ESTATE BROKER**

William K. Harrington, the United States Trustee for Region 2, (the "United States Trustee") respectfully files his objection to Baily Hill management, LLC's ("Debtor") Application to Employ Maltz Auctions, Inc. ("Maltz Application") as real estate broker/auctioneer. In support of his limited objection, the United States Trustee, through his undersigned counsel states the following:

FACTS:

1. Debtor filed its Chapter 11 petition for relief on January 4, 2016. See ECF # 1. Debtor was originally represented by then attorney Peter L. Ressler ("Ressler"); however, upon the resignation of Ressler's law license, Debtor retained Attorney Jeffrey Hellman as its counsel. *See* ECF # 44.

2. Debtor has not yet proposed a plan of reorganization; however, on October 3, 2016, the Debtor filed a Motion to Sell its real property free and clear of liens which Motion the Court approved, in part, on November 15, 2016. *See* ECF ## 106 and 127, respectfully.    6.

3. Debtor is current in the filing of its Monthly Operating Reports (through November 2016). Debtor is delinquent in its payment of Chapter 11 Quarterly Fees ("Quarterly Fees") in the amount of $325.02 as it paid only approximately one-half of its third-quarter 2016 Quarterly Fees assessment of $650.00.

4. A review of the Maltz Application presents several concerns which the United States Trustee feels compelled to bring to the Bankruptcy Court's attention, such as the Maltz

1

Application:

    a. Waives the need for Maltz to further apply to the Court for compensation [ECF # 131-1, paragraph 6];

    b. Fails to state the estimated value of the property to be auctioned [LBR 6005-1(d)(2)];

    c. Fails to state whether or not the secured creditor(s) have agreed to pay any or all of the auctioneer's expenses [LBR 6005-1(d)(4)];

    d. Fails to state that Maltz is on the Court's list of qualified auctioneers[1] [LBR 6005-1(d)(6)];

    e. Fails to demonstrate that Maltz has provided the requisite surety bond[2], in an amount approved by the Court, pursuant to LBR 6005-1(f);

5. The Maltz Application seems to be a mix of both auction and conventional real estate broker's agreement in that it includes a "tail" to the agreement which potentially could cost the bankruptcy estate six percent of a sales price of one of the supposedly auctioned properties should it later be sold within 180 days to any party who was in contact with Maltz at "*any inspection, auction, or otherwise*". Such language could be interpreted as obligating the bankruptcy estate to Maltz if anyone attending any Maltz auction (at any time in the past or future) happens to purchase one of the to-be-auctioned" properties.

6. Exhibit A to the Maltz Application [ECF # 131-1] "Maltz Agreement" seeks to give Maltz a one-half interest in any forfeited deposits up the full amount of its proposed compensation even if Maltz could not produce a bona fide purchaser for the Debtor's assets. [ECF #131-1, paragraph 5].

7. The Maltz Agreement states that the Debtor agrees to accept the "highest bid at the public auction" without there being a reserve price being mentioned. Without a reserve price on each asset to be auctioned, it is theoretically possible for the Debtor to be forced to accept a severely-

---

[1] If Maltz is not on the Court's approved list of auctioneers, in order to be approved to conduct the auction in question, it must apply for such employment stating the reasons and necessity for such employment. LBR 6005-1(h).

[2] The Richard B. Maltz Affidavit [ECF # 131-2, paragraph 2] supporting the Maltz Application states that "the requisite bond is on file with the Office of the United States Trustee for this District;" however, the Office of the United States Trustee has no record of such bond being "on file." In any case, such bonds are not held by the United States Trustee but by the Clerk of the Bankruptcy Court for the District of Connecticut.

undervalued bid at any auction. [ECF # 131-1, paragraph 7].

8. The Maltz Agreement states that Maltz will "advance" marketing costs of up to $12,500; however, although that term usually means that the "advancer" intends to be reimbursed, Maltz has agreed to absorb those costs except "in the event the property closes and Maltz receives than a six percent commission" in which case, Maltz expects the Debtor to reimburse those costs. [ECF # 131-1, paragraph 9]. This provision is confusing as it would seem to be unnecessary since there is to be a six percent buyer's commission for Maltz unless Maltz is trying to obligate the Debtor to reimburse its marketing costs if Debtor "closes" on the Property at some future date without the assistance of Maltz.

9. The Maltz Agreement demands that the Debtor indemnify it if Maltz should come to some difficulty through its own negligence with such indemnification extending to affiliates of Maltz as well as to the auctioneer itself. Further, the Maltz Agreement excuses Maltz from liability to the Debtor for any act of negligence committed by Maltz short of gross negligence or willful misconduct. [ECF # 131-1, paragraph 13].

10. The Maltz Agreement seeks to bind successors and assigns, seemly including a not-yet-existing Chapter 7 or 11 trustee. Further it sets an unreasonably short deadline for Debtor seeking litigation relief against Maltz , and that such litigation relief would have to be governed by the laws of New York. [ECF # 131-1, paragraphs 14 and 15, respectively.

11. The Maltz Application fails to observe several of the requirements of the District of Connecticut Local Bankruptcy Rules governing the employment and compensation of auctioneers. Further, several of the provisions, discussed above, are unusual in the context of the employment of auctioneers and are more normally utilized in the employment of conventional real estate brokers. Finally, several of the provisions contained in the Maltz Agreement are inappropriate for either an auctioneer or a real estate broker's application for employment. Therefore, the United States Trustee objects to the approval of the Maltz Application in its present form.

WHEREFORE, the United States Trustee respectfully requests that the Bankruptcy Court deny the Application to Employ Maltz Auctions, Inc. as real estate broker/auctioneer and grant

such other relief as is just and appropriate.

Dated: December 28, 2016　　　　　　　Respectfully submitted,
　　　　New Haven, CT　　　　　　　　　WILLIAM K. HARRINGTON
　　　　　　　　　　　　　　　　　　　UNITED STATES TRUSTEE FOR REGION 2

　　　　　　　　By:　　　　　　　　　 /s/  Steven E. Mackey
　　　　　　　　　　　　　　　　　　　Steven E. Mackey/ct09932
　　　　　　　　　　　　　　　　　　　DOJ Trial Attorney
　　　　　　　　　　　　　　　　　　　Office of the United States Trustee
　　　　　　　　　　　　　　　　　　　Giaimo Federal Building, Room 302
　　　　　　　　　　　　　　　　　　　150 Court Street
　　　　　　　　　　　　　　　　　　　New Haven, CT 06510
　　　　　　　　　　　　　　　　　　　(203) 773-2210