UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | |
|---|---|---|
| In Re: | : | CHAPTER 11 |
| BAILEY HILL MANAGEMENT, LLC | : | CASE NO.: 16-20005 (JJT) |
| Debtor. | : | MAY 1, 2017 |

## SECOND STIPULATION REGARDING MODIFICATIONS OF SETTLEMENT AGREEMENT

WHEREAS, on August 24, 2016, the Debtor Bailey Hill Management, LLC (the "Debtor") entered into a written Settlement Agreement with Bailey Hill Lending Trust, Pine Banks Nominee Lending Trust, Slater Hill Lending Trust (collectively, the "Trusts"), 207 Tracy Road Associates, LLC, Edward Eramian and Joel Greene (the "Settlement Agreement"). The Trusts, Debtor, Tracy Road, Eramian and Greene shall be, unless otherwise noted, collectively referred to herein as the "Parties";

WHEREAS, on September 22, 2016, the Debtor filed a Motion to Approve the Settlement (Dkt. No. 103), and on November 14, 2016, the Court approved the Settlement Agreement (Dkt. No. 126;

WHEREAS, pursuant to the Settlement Agreement, the Debtor was to retain Maltz Auctions, Inc. ("Maltz") to sell the Debtor's properties by public auction with the auction to take place in late February 2017, with a closing before April 1, 2017;

WHEREAS, upon the advice of Maltz the parties agreed that the auction should take place by no later than April 20, 2017 and based on that, the Debtor filed a Stipulation, signed by the Parties, on March 9, 2017 (Dkt. 157) to permit an auction by no later than April 20, 2017 with a closing by no later than May 20, 2017. The Court approved that Stipulation on March 21, 2017 (Dkt. 159).

WHEREAS, despite Maltz's best efforts, there was insufficient interest in the subject Properties by the April 20, 2017 Auction deadline and the Parties wish to further extend the Auction deadline, and other related deadlines in the Settlement Agreement as set forth herein.

NOW THEREFOR, IT IS HEREBY STIPULATED, AGREED and ORDERED as follows:

1. Section 2.c of the Settlement Agreement is amended and replaced to now require that The Auction must take place on or before June 21, 2017and shall close on or before July 31, 2017.

2. The payment deadline of April 1, 2017 in paragraphs 7-9 is hereby

amended and changed to July 31, 2017.

3. Mr. Greene acknowledges that the form of Note attached hereto as Exhibit A is an acceptable form of Promissory Note in accordance with paragraph 8 of the Settlement Agreement and that he is prepared to duly execute such a Promissory Note in accordance with the terms of the Settlement Agreement.

4. In the event there is no interest again at the subsequent Auction to be held (thus no acceptable bids), then title to the Properties shall be conveyed to the Lender in whatever manner satisfies title standards without any further judicial action or otherwise.

5. It is further agreed that if Lender does subsequently sell the Properties while the Promissory Note from Greene is still outstanding, then 90 percent of the net proceeds from the sale or sales of the each (or both) of the Properties, as the case may be, shall be applied to the then current balance of the Note, first to interest and other charges, if any, accrued on the Note, with the balance to the outstanding principal under the Note.

6. Notwithstanding anything to the contrary set forth herein, if there is no bona fide acceptable bid at the second auction, then Greene or his assignee shall have the right/option to purchase both the Properties provided they pay an amount necessary such that the Trust receives One Million Dollars ($1,000,000.00) at the Closing. Thus, they will pay the sum of One Million Dollars, plus an amount necessary to cover any applicable auctioneer fees and any and all other expenses or fees, including any outstanding real estate taxes to be paid. The Closing shall take place on or before by July 31, 2017.

  a. In such event, the One Million Dollars shall be delivered to the Trusts with the duly executed Note by Greene in the amount of $3,000,000.00.

BAILEY HILL LENDING TRUST,
PINE BANKS NOMINEE LENDING TRUST
AND SLATER HILL LENDING TRUST

By: _____  Date: 5/2/17
    Its duly authorized _____


DEBTOR – BAILEY HILL MANAGEMENT, LLC

By: _____  Date: May 1, 2017
    Edward R. Eramian
    Its duly authorized Managing Member


207 TRACY ROAD ASSOCIATES, LLC

By: _____  Date: May 1, 2017
    Edward R. Eramian
    Its duly authorized Managing Member

EDWARD R. ERAMIAN

By: _____  Date: May 1, 2017
Edward R. Eramian


JOEL S. GREENE

By: _____  Date: 5/2/2017
Joel S. Greene

1
7988333v1

# EXHIBIT A

PROMISSORY NOTE

QS PRIVATE LENDING LLC                           _____, 2016
83 Speen Street
Natick, MA 01760

PRINCIPAL AMOUNT:    $_____

BORROWER:            Joel S. Greene, Individually

INTEREST RATE:       Interest shall be computed this date and monthly thereafter at a fixed rate of six percent (6.0%) per annum.

LOAN PERIOD:         Sixty(60) months beginning on _____ and ending on _____

The undersigned Borrower promises (jointly and severally if more than one person has signed) to pay to QS PRIVATE LENDING LLC (hereinafter "Lender"), which term shall include its successors and assigns) or order the Principal Amount of _____ AND 00/100 DOLLARS ($_____), with interest thereon at the Interest Rate hereinabove specified in five annual payments consisting of a principal payment of $_____ plus accrued interest on the then unpaid principal balance ("Annual Payment") which Annual Payment shall be due, commencing one year from the date of this Note and on the same date over the next four years (the "Payment Due Date"). In any event, the entire unpaid Principal balance with interest then accrued shall be due and payable on or before _____ (the "Maturity Date"). Payments made hereunder shall be applied first to Interest then outstanding and the balance, if any, to Principal. Interest hereunder shall be calculated on the basis of an actual/360 day basis (i.e., interest for each day during which any of the principal balance is outstanding shall be computed at the Interest Rate hereinabove specified divided by 360).

At the option of Lender, the entire unpaid Principal balance hereunder with interest then outstanding shall become immediately due and payable without notice or demand upon the occurrence of any of the following events: (1) failure of Borrower or of any endorser to honor, observe or perform any liability, obligation or agreement

1

hereunder or under any instrument, document or undertaking given in connection herewith or as security herefor including without limitation, failure to make, when due any payment required hereunder or in connection herewith; (2) if any statement, representation or warranty made by or on behalf of any Borrower or endorser in connection with the loan evidenced by this Note, including without limitation in the loan application and in any financial data given in support thereof, proves to have been false, inaccurate or incomplete in any material respect when made; (3) the death, termination or dissolution, business failure, insolvency or cessation of customary business activity by the Borrower or any endorser or of any member of a partnership which is a Borrower, endorser or guarantor; (4) the execution, institution or existence of any lien (including, without limitation, mechanic's or materialmen's liens) against the Borrower and/or the Property (as defined elsewhere in this Note), directly or indirectly affecting the Borrower and/or the Property, whether junior to the Lender or otherwise; or (5) appointment of a receiver, conservator or similar officer of any of the property of; the making of an assignment for the benefit of creditors, trust mortgage or composition with creditors or other arrangement of similar import by; or the commencement of any proceedings under any Bankruptcy or Insolvency Law, now or hereafter enacted by or against Borrower or any guarantor; or (6) a lien arises affecting the Mortgaged Premises (as hereinafter defined). Occurrence of any of the above-numbered events shall be deemed an "Event of Default" and/or "default" under this Note.

In the event of a default in the terms of any other obligation for which Borrower is liable to the Lender as a borrower, maker, co-maker, trustee, endorser, guarantor or otherwise, then such default in said other obligation shall be deemed an event of default in the obligations covered under this Promissory Note and all of the rights and remedies available under any of the loan documentation, whether exclusive or cumulative, shall be available to the Lender, at its election, including, but not limited to, demand of the obligations under this Promissory Note and recovery against the security therefore. The term "obligation" is defined herein to mean any and all debts, liabilities and responsibilities, of every kind and description, of the Borrower to the Lender, direct or indirect, absolute or contingent, primary or secondary, due or to become due, now existing or hereafter arising, regardless of how they arise or by what agreement or instrument, and includes obligations to perform acts and refrain from taking action as well as obligations to pay money.

2

Any deposits or other sums at any time credited by or due from the Lender to the Borrower, or any endorser or individual guarantor of this Note, and any securities or other property of the Borrower, or any such endorser or guarantor at any time in possession of the Lender or any endorser or guarantor to the Lender to secure any other obligation of the Borrower or any endorser or guarantor may at all times be held and treated as collateral for the payment of this Note and the payment and performance of any and all other obligations, direct or indirect, absolute or contingent, sole, joint or several, due or to become due, now existing or hereafter arising, of the Borrower and any guarantor to the Lender. Notwithstanding any other rights of the Lender in the event of a default, the Lender shall have the absolute right to set off against any sums due and owing to the Lender under this Note, as modified, all assets, funds or credits held in any account of the Borrower or any endorser or individual guarantor.

Borrower shall pay to Lender a late charge in the amount of five (5%) percent of each annual payment due hereunder made after the "Payment Due Date" to offset the additional expenses involved in processing delinquent payments.

Borrower and each endorser hereby jointly and severally agree to pay all expenses, including reasonable attorney's fees, which Lender may incur in effecting collection of this Note, upon default or at maturity.

Lender shall not, by any act, delay, omission or otherwise be deemed to have waived any of its rights or remedies hereunder unless such waiver shall be in writing and signed by Lender. A delay, omission or waiver on one occasion shall not be deemed a waiver or bar on any future occasion of the same or any other right.

Borrower and each endorser of this Note or the obligation represented hereby, waive presentment, demand, notice, protest and all other demands and notices in connection with the delivery, acceptance, performance, default or enforcement of this Note, except as specifically provided herein with respect to notices of non-monetary default; assents to any extension or postponement of the time of payment or any other indulgence and to the addition or release of any other party primarily or secondarily liable.

Borrower and each endorser hereby assent to the release in whole or in part of any collateral held as security herefor, and agrees that

the Lender need not proceed against any collateral held as security herefor before proceeding directly against Borrower or against any endorser.

Borrower and each endorser hereby agree that in the event of a default hereunder, Lender may hold, dispose of and apply toward satisfaction of the Obligations of Borrower any deposit, credit or other sum at any time held for or with respect to such party and any other property of such party at any time in Lender's possession without first having recourse to any other rights or any security which Lender may have or hold and without thereby in any way releasing or discharging the balance of the Obligations or the liability of such party with respect thereto.

The proceeds of the loan evidenced by this Note may be disbursed to any one or more Borrowers, if more than one.

From and after the date on which this Note becomes due and payable, at maturity, upon default or otherwise, interest shall accrue and shall be immediately due and payable at a rate (the "Default Rate") which is five percent (5%) per annum higher than the Interest Rate hereinabove specified but in no event higher than the maximum interest rate permitted by law.

THE OBLIGATIONS ARE COMMERCIAL OBLIGATIONS AND DO NOT REPRESENT A LOAN USED FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES AND IS NOT A CONSUMER TRANSACTION OR OTHERWISE SUBJECT TO THE PROVISIONS OF THE FEDERAL TRUTH IN LENDING ACT OR FEDERAL RESERVE BOARD REGULATION Z, M.G.L. CHAPTER 140D OR ANY OTHER CONSUMER STATUTES, REGULATIONS OR RESTRICTIONS.

BORROWER(S) AND LENDER (BY ACCEPTANCE OF THIS NOTE) MUTUALLY HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT TO A TRIAL BY JURY IN RESPECT OF ANY CLAIM BASED HEREON, ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS NOTE OR ANY OTHER LOAN DOCUMENTS CONTEMPLATED TO BE EXECUTED IN CONNECTION HEREWITH OR ANY COURSE OF CONDUCT, COURSE OF DEALINGS, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY, INCLUDING, WITHOUT LIMITATION, ANY COURSE OF CONDUCT, COURSE OF DEALINGS, STATEMENTS OR ACTIONS OF THE LENDER RELATING TO THE ADMINISTRATION OF THE LOAN OR ENFORCEMENT OF THE LOAN DOCUMENTS, AND AGREE THAT NO PARTY WILL SEEK TO CONSOLIDATE ANY SUCH ACTION WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED. EXCEPT AS PROHIBITED BY LAW, THE BORROWER(S) HEREBY WAIVE ANY RIGHT THEY MAY HAVE TO CLAIM OR RECOVER IN ANY LITIGATION ANY SPECIAL EXEMPLARY, PUNITIVE OR

CONSEQUENTIAL DAMAGES OR ANY DAMAGES OTHER THAN, OR IN ADDITION TO, ACTUAL DAMAGES. BORROWER(S) CERTIFY THAT NO REPRESENTATIVE, AGENT OR ATTORNEY OF THE LENDER HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THE LENDER WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER. THIS WAIVER CONSTITUTES A MATERIAL INDUCEMENT FOR THE LENDER TO ACCEPT THIS NOTE AND MAKE THE LOAN.

This Note shall be deemed to be a Massachusetts instrument, and all rights and obligations hereunder shall be governed by the laws of the Commonwealth of Massachusetts.

THE MAKER ACKNOWLEDGES RECEIPT OF A TRUE COPY OF THIS NOTE.

This Note shall have the effect of an instrument under seal.

_____    _____
Witness                            Joel S. Greene, Individually