In re:                                                      CASE NO. 16-20005

BAILEY HILL MANAGEMENT, LLC                                 CHAPTER 11

Debtor

### Motion to Dismiss or Convert Chapter 11 Case

Euclid Claims Recovery LLC (Euclid), a creditor of the above-referenced debtor, by and through its undersigned counsel, files this Motion to Dismiss or Convert Chapter 11 Case (the Motion) and in support thereof represents and requests as follows:

1   This case was commenced by the debtor as a voluntary Chapter 11 case on January 4, 2016.

2   The sole assets of the debtor's estate consist of certain real property located in Killingly, Connecticut, which property is comprised largely of undeveloped land and does not produce regular income.

3   The debtor's property is subject to various tax liens and also subject to substantial mortgage liens in favor of Bailey Hill Lending Trust, Pine Banks Lending Trust, and Slater Hill Lending Trust (collectively, the Mortgagee).

4   Following mediation between the debtor and the Mortgagee, those parties entered into a stipulation that provided for the auction sale of the subject real property and further provided for various alternative dispositions of the subject real property in the event that the auction sale was not successful.

5   In accordance with the terms of the stipulation, as the same has been amended, two separate attempts were made to conduct an auction sale of the subject real property, however, neither attempt was successful in producing an auction buyer.

6   Thereafter, in accordance with the terms of the stipulation upon failure of the auction, one of the individual principals of the debtor indicated that he would exercise the purchase option provided for in the stipulation to effect a cash purchase of the subject property on or before July 31, 2017.

7   No closing pursuant to the purchase option took place by July 31, 2017, and a third amendment to the stipulation was entered into by the parties extending the date to exercise the purchase option to August 15, 2017.

8  No closing pursuant to the purchase option took place by the extended date of August 15, 2017 and no option closing has taken place as of the date hereof. Buyer's counsel has been unable to provide any specific information to Euclid concerning the status or timing of a purchase option closing other than to indicate the buyer has not provided the funds for closing. Counsel for the debtor and the Mortgagee are also unable to provide any information to Euclid concerning the status or timing of a purchase option closing other than to report that the buyer has informed the Mortgagee that "this should close soon" without providing a specific date.

9  In light of:
   (a) more than two months having passed since the original option closing date and more than six weeks since the amended closing date;
   (b) the inability of the buyer to provide a specific closing date even now; and
   (c) the apparent lack of buyer funding,
   the prospect of a cash purchase option closing appears doubtful.

10  The terms of the stipulation between the debtor and Mortgagee, as approved by the Court, provides that in the event of an unsuccessful auction and a failure to exercise the cash purchase option, title to the subject real property is to be conveyed to the Mortgagee. Given the current circumstances described above, the terms of the stipulation appear to require such a conveyance to the Mortgagee at this time.

11  A conveyance of the subject property to the Mortgagee would effectively leave the debtor's estate without any assets and would end the automatic stay of actions by creditors against the subject property. In that event, there would not be any purpose in further maintaining this chapter 11 case.

12  However, whether or not the subject properties are conveyed to the Mortgagee pursuant to the stipulation, the time has come to dismiss or convert this case as it is apparent that the debtor has no prospects for any type of viable chapter 11 plan for the following reasons, among others:
   a. The aggregate amount of liens against the debtor property appear to be far in excess of the value of the property;
   b. Two auction sale attempts have failed despite efforts by an experienced auctioneer and wide advertising;
   c. There is no firm prospect that the cash purchase option provided for in the stipulation between the debtor and Mortgage will be executed;
   d. The debtor's property is not income-producing and the debtor does not appear to have adequate funds to meet ongoing expenses. For example, the debtor is not currently paying post-petition real estate taxes due to the Town of Killingly;
   e. In its most recent monthly operating report, the debtor discloses that it has a total of $461.16 cash on hand and that since the date of filing its chapter 11 petition has operated at a net loss of $39,859.74; and

  f. The debtor has never filed a plan in this case notwithstanding that its exclusive period to do so has long ago expired.

Wherefore, Euclid respectfully requests that the Court:

  A. Dismiss this case or convert this case to a case under Chapter 7 of the Bankruptcy Code

  B. Grant such other relief as is just and proper.

Dated at Houston this 6th day of October, 2017.

*/s/ Howard L. Siegel*
Howard L. Siegel, Esq. ct07092
945 McKinney Street, PMB 434
Houston, TX 77002
Tel. 713-984-4801
Email: howard@eucinv.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October, 2017 a copy of the foregoing was served via first class mail on counsel for the debtor, the Mortgagee and the Office of the United States Trustee.

*/s/ Howard L. Siegel*
Howard L. Siegel