UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re | : | CHAPTER 11 |
| | : | |
| BAILEY HILL MANAGEMENT, LLC | : | |
| | : | |
| Debtor. | : | CASE NO. 16-20005(JJT) |
| | : | |
| BAILEY HILL MANAGEMENT, LLC | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF KILLINGLY, EAST KILLINGLY FIRE DISTRICT, BAILEY HILL LENDING TRUST, PINE BANKS NOMINEE LENDING TRUST and SLATER HILL LENDING TRUST | : | |
| | : | |
| Respondents. | : | |

**AMENDED ORDER AUTHORIZING SALE OF REAL PROPERTY**
**FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS**

THIS MATTER came before the Court upon the Debtor's Motion to Sell Real Properties Free and Clear of Liens, Claims and Interests and in connection with the Auction Process (Dkt. No. 186) (the "Sale Procedures Motion"), which Motion pertained to Real Properties located at 963 Bailey Hill Road, East Killingly, Connecticut and 291 Slater Hill Road, Killingly, Connecticut, approved by the Court on June 22, 2017 (Dkt.

8699399v1

No. 200) (the "Sale Procedures Order") and the Motion to Dismiss or Convert the Case (Dkt. No. 219) ("Motion to Dismiss").

Due notice of the Sale Procedures Motion and Motion to Dismiss having been given to all parties-in-interest, and all parties-in-interest were afforded an opportunity to be heard.

NOW, THEREFORE, based upon all of the pleadings previously filed by the Debtor and other interested parties, the statements and/or evidence presented, proffered, attested to, or adduced at or in connection with, and upon the record of the hearing held on November 2, 2017 on the Motion to Dismiss, and the entire record of the Debtor's bankruptcy case; and after due deliberation; and good cause appearing,

IT IS HEREBY FOUND AND DETERMINED AS FOLLOWS:

A.    As set forth and provided for in the Sale Procedures Motion, the Debtor seeks to sell its real property located at 963 Bailey Hill Road, East Killingly, Connecticut (the "963 Bailey Hill Road Property") and at 291 Slater Hill Road, Killingly, Connecticut (the "291 Slater Hill Road Property") (collectively, the "Properties"), free and clear of all liens and encumbrances, by Auction Sale.

B.    On February 22, 2017, the Court entered an Order Approving the Retention and Employment of Maltz Auctions, Inc., d/b/a Maltz Auctions ("Maltz Auctions") to market and auction off the Properties (Dkt. No. 144). Pursuant to the Stipulated Order dated May 10, 2017, the Auction was to take place on or before June 21, 2017 and was to close on or before July 31, 2017 (Dkt. No. 177).

C.    Despite the best efforts of Maltz Auctions, there was insufficient interest in the subject Properties at the June 21, 2017 Auction. Pursuant to the terms of the Second

Stipulation Regarding Modifications to the Settlement Agreement dated May 1, 2017 (Dkt. No. 174) (the "Second Stipulation"), approved by the Court (Dkt. No. 177), Joel Greene, or his assignee, had the option to purchase the Properties if there was insufficient interest in the Properties.

D.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, applicable herein by reason of Bankruptcy Rule 9014.

E.     To the extent that any of these findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitutes a finding of fact, they are adopted as such.

F.     As noted in the Sale Order, the Debtor may sell the Properties free and clear of the liens, claims, interests, and encumbrances of the secured parties as such entities have consented to a sale free and clear of its interest. See 11 U.S.C. § 363(f)(2).

**BASED ON THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, EFFECTIVE IMMEDIATELY, AS FOLLOWS:**

1.     Proper, timely and adequate notice of the Sale and Auction took place and the sale of the Properties was thoroughly marketed and advertised in accordance with the Sale Procedures Order.

2.     All objections to the Sale Procedures Motion or the relief requested therein that have not been withdrawn, waived, settled, or specifically addressed in this Order, and all reservations of rights included in such objections, are overruled in all respects on the merits.

3.  Service of the Sale Procedures Motion in the manner described herein constitutes good and sufficient notice of the Auction and the Sale Approval Hearing. No other or further notice is required.

4.  Creditors, parties-in-interest and other were afforded a reasonable opportunity to bid. There were no acceptable bids for the Properties, although the Auction was conducted in accordance with the Sale Procedures Motion.

5.  In accordance with Section 6 of the Second Stipulation Mr. Greene elected to purchase the Properties, either directly or indirectly. Mr. Greene has designated Tevel Bailey Hill, LLC as the purchaser entity ("Tevel Hill").

6.  In accordance with the terms of the Third Amended Stipulation Regarding Modifications of Settlement Agreement (Dkt. No. 205), approved by the Court on August 17, 2017 (Dkt. No. 212) ("Third Stipulation"), the Court entered an Order Authorizing Sale of Real Property Free and Clear of Liens and Interests dated August 21, 2017 (Dkt. No. 213) requiring Tevel Hill to close on or before August 22, 2017 (the "Sale Order"). Tevel Hill failed to close in accordance with the Sale Order, which lead to the filing of the Motion to Dismiss.

7.  Consistent with the terms of the Third Amended Stipulation Regarding Modifications of Settlement Agreement, and based upon the hearing held on November 2, 2017, the Court is extending the sale closing on the terms and conditions set forth herein.

8.  On or before Wednesday, November 15, 2017 (4:00 p.m. E.S.T.), Tevel Hill shall tender a good faith, **non-refundable** deposit in the amount of One Hundred Thousand Dollars ($100,000.00) in good funds (Wire Transfer, Bank or Certified Check)

with Debtor's counsel Jeffrey Hellman made payable to "Law Offices of Jeffrey Hellman LLC, as Trustee for Bailey Hill Management, LLC" and delivered to the Law Offices of Jeffrey Hellman, LLC, 195 Church Street, 10th Floor, New Haven, CT 06510 (the "Good Faith Deposit").

    a.    Should Tevel Hill fail to timely submit the Good Faith Deposit in accordance with the foregoing paragraph, Counsel for Bailey Hill Lending Trust, Pine Banks Nominee Lending Trust, Slater Hill Lending Trust (collectively, the "Trusts") shall electronically file an Certification or Affidavit of Non-Compliance and the Court will promptly enter an Order Dismissing the Case.

9.    Assuming Tevel Hill fully complies with paragraph 8 above, then the Parties are authorized and directed to close the sale of the Properties no later than December 20, 2017 (the "Closing Deadline")(***Time of the Essence***) (It being explicitly stated there shall be no further extensions or continuances of the Closing Deadline.)

10.    Tevel Hill shall, at the Closing, pay the sum of One Million, Five Hundred, Thirty Thousand, One Hundred and Thirty-Six Dollars ($1,530,136.00) to the Trusts. Mr. Greene shall also deliver to the Trusts at the Closing the duly executed Promissory Note attached to the Third Stipulation[1]. In addition, the Good Faith Deposit shall be applied towards the following Closing costs: (i) $60,000 to Maltz Auctions, (ii) $52,391.57 to Euclid Claims Recovery LLC as assignee of certain tax liens, and (iii) all other fees, including outstanding real estate taxes. (It being explicitly understood Tevel Hill shall tender at the

---

[1] The original executed Note previously provided by Mr. Greene shall be replaced at the Closing contemplated by this Order with a new $2,500,000.00 Promissory Note in accordance with the terms of the Third Stipulation Regarding Modifications of Settlement Agreement.

Closing sufficient additional funds to cover these expenditures (not covered by the Good Faith Deposit)).

11. Pursuant to 11 U.S.C. §§ 363(b) and (f), the Debtor is hereby authorized to sell the Properties to Tevel Hill free and clear of any and all interests, claims, taxes, liens, encumbrances, obligations, liabilities, security interests, mortgages, charges of any kind or nature whatsoever, including, but not limited to the claims of the Trusts, pursuant to a certain Mortgage from Bailey Hill Management, LLC to Bailey Hill Lending Trust, LLC, recorded on December 21, 2005 in Volume 1029 at Page 456 of the Killingly Land Records, a certain Mortgage from Bailey Hill Management, LLC to Slater Hill Lending Trust, recorded on October 6, 2006 in Volume 1073 at Page 253 of the Killingly Land Records, a certain Mortgage from Bailey Hill Management, LLC to Pine Banks Nominee Lending Trust, recorded on July 30, 2007 in Volume 1109 at Page 1 of the Killingly Land Records, a Mortgage from Bailey Hill Management, LLC to Slater Hill Lending Trust, LLC, recorded on August 24, 2011 in Volume 1220 at Page 137 of the Killingly Land Records, the claim of Euclid Claims Recovery LLC as assignee of certain municipal tax liens, pursuant to a certain Assignment of Municipal Tax Liens, recorded in Volume 1303 at Page 316 of the Killingly Land Records, the claim of Aron Austerlitz, pursuant to a certain mortgage from Bailey Hill Management, LLC to Aron Austerlitz, recorded on May 18, 2007 in Volume 1100 at Page 411 of the Killingly Land Records, the claims of the Town of Killingly, pursuant to certain municipal tax liens recorded in Volume 1288 at Page 677 and in Volume 1303 at Page 141 of the Killingly Land Records, and the claims of the East Killingly Fire District pursuant to certain tax liens recorded in Volume 1274 at Page 774,

recorded in Volume 1288 at Page 677, and recorded in Volume 1303 at Page 481 of the Killingly Land Records.

12. The Debtor is also authorized to execute such other and further documentation as the Debtor deems necessary, in its discretion, to close the sale. The Properties are being sold "as is" with no representations or warranties and without contingencies.

13. Tevel Hill is purchasing the Properties in good faith and is a good faith purchaser within the meaning of 11 U.S.C. § 363(m) and is therefore entitled to the protection of that provision.

14. Tevel Hill is not a successor to the Debtor or its estate by reason of any theory in law or equity and Tevel Hill shall not assume or in any way be responsible or liable for any liability or obligation of the Debtor or its estate.

15. This Order shall be effective immediately upon entry and Rule 6004(g) of the Federal Rules of Bankruptcy Procedure is waived, and no automatic stay of execution, pursuant to Rule 62(a) of the Federal Rules of Civil Procedure, applies with respect to this Order.

16. Should Tevel Hill fail to close on the Properties by the Closing Deadline, it shall completely forfeit, surrender and waive any rights, title or interests in the Good Faith Deposit. Counsel for the Trusts shall electronically file an Certification or Affidavit of Non-Compliance and the Court will promptly enter an Order Dismissing the Case.

17. Notwithstanding the entry of a Dismissal Order, this Court shall retain limited jurisdiction solely to hear and adjudicate any claims regarding: (i) the entitlement to the

8699399v1

Good Faith Deposit; and (ii) the proceeds of the Client Security Fund Settlement proceeds.

Dated at Hartford, Connecticut this 15th day of November, 2017.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

8699399v1